USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10/20/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
RICARDO VELASQUEZ,                          :
                                            :
                              Plaintiff,    :          21-CV-2949 (VEC)
                                            :
            -against-                       :
                                            :          OPINION AND ORDER
                                            :
EASTGATE WHITEHOUSE LLC, a Delaware         :
limited liability company, and 939 MITCHELL :
MARKET INC., a New York corporation, d/b/a  :
PANINI GRILL, and 939 FIRST VENUE LLC, a    :
New York limited liability company,         :
                                            :
                              Defendants.   :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff's counsel, Ben-Zion Bradley Weitz, is a frequent filer in this Courthouse. In just

the first 6 months of this year, he filed over 100 cases in this Court alone. There is nothing

inherently wrong with a law practice that focuses on high volume, low effort, cookie cutter cases.

But when the volume is so high and the effort is so low that the attorney fails to comply with

court orders in a timely way, something has to change. To that end, on October 4, 2021, this

Court ordered Mr. Weitz to show cause why he should not be sanctioned for failing to comply

with the Court's orders on July 16, 2021 (Dkt. 19) and September 7, 2021 (Dkt. 48). Dkt. 61.

Mr. Weitz responded to the Court's order with a letter. *See* Dkt. 62. Having considered

his letter, the Court finds that Mr. Weitz has failed to provide adequate reasons for his failure to

comply with the Court's explicit and simple directions to move for default judgment,

communicated twice over in the Court's July 16 and September 7, 2021 orders. As a result,

pursuant to Fed. R. Civ. P. 16(f)(1)(C), the Court orders Mr. Weitz to pay a civil sanction of

$1000 to the Clerk of Court.

## BACKGROUND

This case involves claims under the Americans With Disabilities Act.  Dkt. 1.  Plaintiff

Ricardo Velasquez[1] alleged that architectural barriers at Defendants' business hindered access to

it for persons with disabilities.  *Id.*

On July 16, 2021, the Court ordered that, if Defendant 939 Mitchell Market Inc. did not

appear or answer Plaintiff's complaint by August 6, 2021, Plaintiff must move for default

judgment by August 13, 2021 ("July 16 Order").  Dkt. 19.  On August 11, 2021, Mr. Weitz made

a spurious request for an extension of time, suggesting — with no evidentiary support — that the

initial service on Defendant 939 Mitchell Market Inc. may not have been effective because the

registered agent he served "may or may not be a current agent for service."  Dkt. 28.  An

extension was, therefore, requested to "allow time for the defendant to contact [Plaintiff's

counsel], and/or make their appearance and answer the Complaint in this matter."  *Id.*  The Court

denied that request on August 12, 2021, noting that "Plaintiff has provided no reason to believe

service on 939 Mitchell Market Inc. was not effective."  Dkt. 29.  The same day, in yet another

effort to avoid compliance with the Court's July 16 Order, Mr. Weitz filed a motion for leave to

file a second amended complaint.  Dkt. 30.  The proposed Second Amended Complaint would

have added as a defendant Eastgate Whitehouse LLC, an entity to which 939 Mitchell Market

Inc. was purportedly a subtenant.  *Id.*  Inexplicably, Mr. Weitz stated, without further explanation

or citation to authority, that the amended complaint would "obviate the need to proceed forward

with any default motion at this time."[2]  *Id.*  The request to file a second amended complaint was

---

[1]      Mr. Velasquez is a frequent ADA plaintiff.  He has filed more than 100 ADA cases in the Southern District of New York, including 31 filed in the first 6 months of 2021.

[2]      To the extent Mr. Weitz viewed that as an adequate request for an extension of the July 16 Order, the Court disagrees.  In any event, because the request to file the Second Amended Complaint made at that time was denied, the inadequate request for an extension of the July 16 Order was also denied.

procedurally improper, and the Court denied it without prejudice.  Dkt. 31.  In that same order, the Court reiterated that Plaintiff was ordered to either move for default judgment or voluntarily dismiss this action against 939 Mitchell Market Inc.  *Id.*

On August 13, 2021, Plaintiff moved for entry of default as to Defendant 939 Mitchell Market Inc.  Dkt. 32.  On August 17, 2021, however, the Clerk of Court notified Plaintiff's counsel to refile its motion for entry of default because it had been filed incorrectly.  Plaintiff then apparently lost interest in complying with the July 16 Order.[3]  Three weeks later, on September 7, 2021, when Plaintiff had neither moved for default nor voluntarily dismissed 939 Mitchell Market Inc., the Court again ordered Plaintiff to move for default judgment against 939 Mitchell Market Inc., giving him a few more days (until September 10, 2021) to accomplish a task that was approximately 3 weeks late already.  Dkt. 48.  Three days later, on September 10, 2021, Plaintiff again moved for entry of default as to Defendant 939 Mitchell Market Inc., Dkt. 49; the same day, however, the Clerk of Court provided notice to Plaintiff's counsel that his motion must be refiled because it had been filed incorrectly.  Plaintiff's counsel tried again on September 10, 2021, Dkt. 51, but, on September 13, the Clerk of Court again notified Plaintiff's counsel to refile its motion because it had been filed incorrectly.

On September 17, 2021 (over a month past the first deadline and a week past the second deadline), the Court ordered Plaintiff to show cause in writing why this case should not be dismissed for failure to comply with Court orders directing Plaintiff to move for default judgment.  Dkt. 52.  The same day, for a fourth time, Plaintiff moved for entry of default against 939 Mitchell Market Inc., Dkt. 53; the Clerk of Court again notified Plaintiff's counsel to refile

---

[3]      After the Court denied its motion for leave to file an amended complaint, Plaintiff's counsel managed to figure out the procedural requirements for filing an amended complaint, and did so on August 16, 2021.  *See* Second Am. Compl., Dkt. 35.

his motion because it had been filed incorrectly.  Plaintiff moved for entry of default against 939

Mitchell Market Inc. for a fifth time on September 17, 2021, Dkt. 54, the filing of which finally

complied with court rules; accordingly, the Clerk of Court issued a certificate of default on

September 20, 2021.  Dkt. 55.

On September 22, 2021, apparently in lieu of responding to the September 17 order to

show cause, Plaintiff filed a notice of settlement with Defendants Eastgate Whitehouse, LLC and

939 First Avenue LLC.  Dkt. 57.  Consistent with the notice of settlement, on September 27,

2021, the Court entered a 30-day order as to those two defendants.  Dkt. 59.  On October 1,

2021, Plaintiff filed a proposed joint stipulation of dismissal, making it clear that the settlement

also included all claims that had been made against 939 Mitchell Market Inc.  Dkt. 60.  The

Court granted the stipulated dismissal, at the same time ordering Plaintiff's counsel to show

cause in writing by October 8, 2021 why he should not be sanctioned for failure to comply with

the Court's July 16 and September 7, 2021 orders regarding moving for default judgment.  Dkt.

61.

## DISCUSSION

Federal Rule of Civil Procedure 16(f)(1)(C) allows a district court, on motion or *sua*

*sponte*, to impose sanctions on an attorney who "fails to obey a scheduling or other pretrial

order."  The Rule's "'explicit reference to sanctions' reflects the Rule's intention to 'encourage

forceful judicial management'" and "vests a district court with 'discretion to impose whichever

sanction it feels is appropriate under the circumstances.'"  *Huebner v. Midland Credit Mgmt.*,

*Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting Advisory Committee's notes to 1983 amendment of

Fed R. Civ. P. 16(f)).  A district court's decision to impose sanctions under Rule 16(f) does not

require a finding that the party acted in bad faith.  *Huebner*, 897 F.3d at 53; *Rice v.*

4

*NBCUniversal Media, LLC*, No. 19-CV-447, 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019).

A district court may impose sanctions under Rule 16(f) when there is "clear and convincing

evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order."

*Rice*, 2019 WL 3000808, at *3; *see also S. New Eng. Tel. Co. v. Glob. NAPs Inc*., 624 F.3d 123,

145 (2d Cir. 2010); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed.

2010) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

      The Court finds that a sanction under Rule 16(f)(1)(C) for Mr. Weitz's violations of this

Court's orders is appropriate.  The Court's July 16 and September 7, 2021 orders were clear and

unambiguous, while Mr. Weitz's explanation in response to the Court's show-cause order was

inadequate and unconvincing.  First, Mr. Weitz's letter entirely ignored his non-compliance with

the July 16 Order, choosing to start his lame string of excuses with the invocation of Rosh

Hoshana and his associated religious obligations on September 7, 2021.  Dkt. 62 at 1–2.  He

asserted that his delay in complying with the September 7 Order was "unintended and

inadvertent," *id.* at 2, a defense that is irrelevant, as bad faith is not a prerequisite for sanctions.

*See Huebner*, 897 F.3d at 53 ("In deciding whether a sanction is merited, the court need not find

that the party acted in bad faith.") (cleaned up).  Moreover, the letter was entirely unhelpful in

understanding his non-compliance with the earlier July 16 Order.  Second, Mr. Weitz's

explanation that his motion for default judgment was rejected — on four separate occasions —

"only as a result of a minor discrepancy between the submitted document and the technical

requirements of the Clerk," Dkt. 62 at 2, is also irrelevant.  Whether the basis for rejection of

each filing was a minor or major error, it comes to the same in the end: Mr. Weitz failed to

comply in a timely manner with two separate orders of this Court to move for default judgment.

Finally, Mr. Weitz's explanation that he had never filed a proposed certificate of default

involving an amended complaint, meaning that "the specific language required by the Clerk's Office was unfamiliar to me," *id.* at 3, not only strains credibility given the number of cases he has filed in this district but is, again, irrelevant.  The Court's first direction to Plaintiff's counsel to move for default judgment by August 13, 2021, was entered on July 16, 2021, giving Mr. Weitz almost a month, unconstrained by religious or secular holidays, to get his filing in order. He not only failed to do so but had to be ordered to move for default judgment a second time and then took another ten days to file an adequate motion.

Distressingly, Mr. Weitz's behavior in this case appears to be part of a pattern.  By the Court's count, Mr. Weitz filed 103 cases in this District alone in just the first six months of 2021. Looking only at cases before the undersigned, Mr. Weitz has sought on frivolous grounds extensions of time to move for default judgment, which the Court has denied.  *See, e.g.*, *Velasquez v. 60th Street, LLC et al.*, No. 21-CV-2948, Dkts. 15, 17.  Mr. Weitz has also been ordered to show cause why his cases should not be dismissed for failure to prosecute or for failure to comply with Court orders.  *See, e.g.*, *Norris v. Park West Shoe Repair, Inc. et al.*, No. 21-CV-2424, Dkt. 15.  And this behavior is not new.  Mr. Weitz's delinquency before the undersigned spans years, including failing to file a notice of settlement and not appearing at a scheduled conference.  *See Vuppala v. Soho Finest*, No.17-CV-7704, Dkt. 50.[4]

It is clear that Mr. Weitz's high volume, low effort practice needs to be adjusted.  Mr. Weitz should either file fewer cases, so he can comply in a timely way with all associated court orders, or he should increase his effort to maintain compliance with all such orders.  What cannot

---

[4]     Mr. Weitz's less than professional conduct also extends beyond New York.  *See*, *e.g.*, *Goodman v. Tatten Enters., Inc.*, No. 10-CV-60624, 2012 WL 12540024, at *3 (S.D. Fla. June 1, 2012) (recommending Mr. Weitz be sanctioned and ordered to pay defendants' attorneys' fees, noting that "[t]he Court was quite troubled by the testimony of Plaintiff's counsel Bradley Weitz," who "gave excuses for his behavior, many of which made no sense" and where "evidence show[ed] conclusively that Mr. Weitz made several misrepresentations to this Court both in his written filings and in Court.").

continue is his practice of filing scores of cases and not exercising sufficient diligence in those cases.

## CONCLUSION

For the reasons set forth above, the Court finds that Mr. Weitz failed to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f).  As a result, the Court ORDERS Mr. Weitz to pay a civil sanction to the Clerk of Court of **$1000** for his failure to comply with the Court's July 16 and September 7, 2021 orders.  Mr. Weitz must pay the $1000 civil sanction to the Clerk of Court and file proof of payment of the civil sanction **within 15 days of this Order**.

**SO ORDERED.**

Date:  **October 20, 2021**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

7